Fee PD

UNITED STATES BANKRUPTCY COURT     EASTERN DISTRICT OF WISCONSIN

In the Matter of:     Chapter 7

Randell J. Hempel

      Debtor(s).     Case No. 07-28535-PP

Wells Fargo Financial Wisconsin, Inc.,

v.

Randell J. Hempel.

FILED - MAIL 2007 NOV 30 AM 9:31 US BANKRUPTCY COURT EASTERN DISTRICT OF WI

MOTION FOR RELIEF FROM AUTOMATIC STAY

    Wells Fargo Financial Wisconsin, Inc. (hereinafter "Creditor") by its attorneys, Storm, Balgeman, Miller & Klippel, S.C., moves this court pursuant to 11 U.S.C. 362(d) and Federal Rule of Bankruptcy Procedure 4001(a) for an order terminating, annulling, modifying or conditioning the automatic stay imposed by 11 U.S.C. 362(a). In support of its motion the Creditor alleges as follows:

    1.     Randell J. Hempel (hereinafter "Debtor", whether one person or more than one person) filed a petition for relief under Chapter 7 of Title 11 United States Code (the Bankruptcy Code) on October 26, 2007. Douglas F. Mann has been appointed the trustee in this case.

Attorney Jeffery D. Nordholm
Storm, Balgeman, Miller & Klippel, S.C.
1011 N. Mayfair Road Suite 200
Wauwatosa, WI 53226
(414) 453-8500; FAX (414) 453-0604

2. The Debtor executed a promissory note and security agreement (the "Obligation") to Creditor on November 29, 2005. A copy of the contract is attached. The principal terms of the Obligation are:

> Opening Balance: $10,165.71
> Term of Note: 54 months
> Balance on petition date: $10,059.72
> Monthly Payment Under the Note: $300.78
> Collateral: 2000 Ford Explorer VIN 1FMZU72X4YZA24612

3. Creditor perfected its security interest in the Collateral through the Wisconsin Department of Transportation. A copy of the Confirmation of the Security Interest Perfection is attached.

4. Debtor has defaulted on the Obligation.

5. The grounds for relief under 11 U.S.C 362(d) are:

    A. Creditor does not have adequate protection for its interest in the property of the Debtor that is security for its claim in that:

        i.) Debtor has failed to pay all contract payments when due and the Collateral is depreciating in value.

        ii.) Debtor has failed to obtain or maintain physical damage insurance on the Collateral.

    B. Debtor has no equity in the Collateral and the Collateral is not necessary to an effective reorganization. This is not a reorganization case. Upon information and belief, Debtor intends to surrender the Collateral.

6. Debtor is in possession of the Collateral which is decreasing in value.

WHEREFORE, Creditor requests the following relief:

A. An order terminating, modifying, annulling or conditioning the stay imposed by 11 U.S.C. 362(a) to allow Creditor to take all necessary actions required under state law to enforce its interest in the Collateral and waiver of Bankruptcy Rule 4001(a)(3);

B. If the relief requested in (A.) above is not granted, then an order determining the amount and form of adequate protection for Creditor's interest in the Collateral; and

C. Such further relief as is just and equitable under the circumstances.

Dated November 27, 2007 at Wauwatosa, Wisconsin.

STORM, BALGEMAN, MILLER & KLIPPEL, S.C.
Attorneys for Wells Fargo

By: _____
Jeffery D. Nordholm
State Bar No. 1004238

P.O. Address
1011 N. Mayfair Road
Suite 200
Wauwatosa, WI 53226
(414) 453-8500
FAX (414) 453-0604

Stay relief motion - Ch.7.frm (6/6/07)

# FAIR DEBT COLLECTION PRACTICES DISCLOSURE
## 15 U.S.C. 1692g, AS AMENDED - DEBT VERIFICATION NOTICE

1. Storm, Balgeman, Miller & Klippel, S.C., is a law firm representing Wells Fargo Financial Wisconsin, Inc.(Wells Fargo) in the collection of a debt that you owe to Wells Fargo. We are attempting to collect such debt and any information obtained will be used for that purpose.

2. As of the date you filed bankruptcy you owed $10,059.72. What you owe on the date this motion for relief from stay is filed depends on whether you filed under Chapter 7 or 13, whether you will actually receive your discharge in bankruptcy and, if you are currently in a confirmed Chapter 13 plan, the amount the Chapter 13 Trustee's records show as due on the claim(s) filed by Wells Fargo in your case. The amount you owe on the day Wells Fargo sells the collateral, if the stay is terminated, may be greater because of interest, late charges, and other charges that may vary from day to day. Hence, if you voluntarily pay the amount shown above after the stay is terminated, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information write Storm, Balgeman, Miller & Klippel, S.C., 1011 N. Mayfair Road, Suite 200, Wauwatosa, Wisconsin, 53226 or call 1-877-782-2645.

3. The debt is owed to Wells Fargo Financial Wisconsin, Inc..

4. If you dispute the validity of the debt, or any portion thereof, you should notify us in writing within thirty (30) days after receipt of this notice, or we will assume the debt to be valid. The law does not require us to wait until the end of the thirty (30) day period before bringing legal action. We have filed this motion for relief from automatic stay to ultimately collect the debt by replevin of the 2000 Ford Explorer VIN 1FMZU72X4YZA24612.

5. If you notify us of the dispute in writing within thirty (30) days, we will obtain verification of the debt or a copy of the judgment against you, and a copy of such verification or judgment will be mailed to you.

6. If the original creditor is different from the present creditor and within thirty (30) days after such receipt of this notice you request the name and addresses of such original creditor, we will obtain that information, and that information will be mailed to you. The law does not require us to wait until the end of the thirty (30) day period before bringing legal action. We have filed this motion for relief from automatic stay to ultimately collect the debt by replevin of the 2000 Ford Explorer VIN 1FMZU72X4YZA24612.

7. All written requests should be addressed to Storm, Balgeman, Miller & Klippel, S.C., 1011 N. Mayfair Road, Suite 200, Wauwatosa, WI 53226.

# NOTE AND SECURITY AGREEMENT

**IDENTIFICATION OF PARTIES.** In this Note and Security Agreement ("Agreement" or "Loan Agreement"), the words "you" and "your" mean each Borrower who signs this Agreement; the words "we," "us," and "our" mean the Lender and its successors and assigns; and the word "Owner" means someone other than a Borrower who has an ownership interest in the Collateral (defined on page 2) and signs the Third Party Collateral Agreement on page 2.

**ADDITIONAL TERMS.** The Additional Terms that follow this page are a part of this Agreement and they bind you in the same manner as if they were printed in the first part of this Agreement.

YOUR ACCOUNT IS PAYABLE TO THE LENDER SHOWN BELOW:

Wells Fargo Financial Acceptance Wisconsin, Inc.
6021 Durand Ave, Ste 100

Racine    WI    53406

Date of Loan  11/29/2005         Account Number 105149207

# ORIGINAL

Borrower (Name and Address):
Randy
Hempel
2211 Dwight Street
Racine    WI   53403

## FEDERAL TRUTH IN LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE: the cost of your credit as a yearly rate. | FINANCE CHARGE: the dollar amount the credit will cost you. | Amount Financed: the amount of credit provided to you or on your behalf. | Total of Payments: the amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 21.99% | $ 6076.41 | $ 10165.71 | $ 16242.12 |

Your Payment Schedule Will Be As Follows:

| Number of Payments | Amount of Payments | Payments are Due Monthly beginning: 01/13/2006 and on the same day each month thereafter. | Final Payment Due: 06/13/2010 |
|---|---|---|---|
| 54 | $ 300.78 | | |

**Prepayment:** If you pay off this loan early, you will not have to pay a prepayment penalty.

**Security:** You are giving us a security interest in the motor vehicle described on Page 2 of this Agreement.

☐ Other Property: _____

**Additional Information:** You can see the rest of this Agreement for more information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

## ITEMIZATION OF AMOUNT FINANCED

| $ | 10165.71 | Amount Financed (Sum of amounts shown below) |
| $ | 7421.66 | Amount Paid on Your Accounts |
| $ | 0.00 | NA |
| $ | 1562.00 | Amt Pd to You for Vehicle Service Contract |
| $ | 0.00 | NA |

AMOUNTS PAID TO OTHERS ON YOUR BEHALF

| $ | 1182.05 | To ELMWOOD CAR COMPANY |

☐ When this box is checked, itemization is continued on attached addendum.
*We may be retaining a portion of this amount.

**Other Transaction Information:**

$ 10165.71  Principal Amount of the Loan (the Amount Financed)
21.99%  Rate of Interest Per Year

Closed By: *[signature]*

**NOTICE TO CONSUMER:**

(a) DO NOT SIGN THIS BEFORE YOU HAVE READ THE WRITING ON PAGES 2, 3, AND 4, EVEN IF OTHERWISE ADVISED.
(b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES.
(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

**SIGNATURES.** If you agree to be bound by the terms of this Agreement, please sign your name below. All persons signing this Agreement will be fully responsible for payment in full. By signing below, you are authorizing disbursement of the loan proceeds as shown above in the "Itemization of Amount Financed" box. You acknowledge receiving a completely filled-in Agreement. YOU ACKNOWLEDGE THE EXISTENCE OF A SEPARATE ARBITRATION AGREEMENT SIGNED CONCURRENTLY WITH THIS AGREEMENT, AND YOU SPECIFICALLY AGREE TO BE BOUND BY ITS TERMS.

*[signature]* 11/29/05   SIGN HERE
                         SIGN HERE
                         SIGN HERE
                         SIGN HERE

WI-3841-0405 (AUT)

Page 1 of 4

 

## ADDITIONAL TERMS

**YOUR PROMISE TO PAY AND THE TERMS OF REPAYMENT.** To repay your loan, you promise to pay us the Principal Amount of Loan together with interest at the Rate of Interest Per Year both as shown on page 1. You will pay this sum to us in United States currency at our office (or such other location specified by us from time to time) in installments each month according to the Payment Schedule shown on page 1. You may prepay your loan at any time prior to maturity without penalty. If you make a partial prepayment, there will not be any change in the amount of your monthly payment or delays in due dates of those payments unless we have agreed to such changes in writing.

**INTEREST-BEARING LOAN.** This is an interest-bearing loan. Except as limited by law, the interest on your loan is calculated each day based upon the principal balance of the loan outstanding from time to time, using the Rate of Interest Per Year shown on page 1, until paid in full. Interest accrues on the basis of actual days elapsed and a 365/366-day year. Payments will be applied first to any outstanding fees, then to accrued interest, and then to the principal balance. Accruing interest every day will affect the total amount of interest you pay under this Agreement and the corresponding Finance Charge – your Finance Charge will be less if you pay early and more if you pay late. Any necessary adjustments to the Total of Payments will be reflected in your final payment.

**YOU GRANT US A SECURITY INTEREST.** You give us a security interest in your property described below. This property is called "Collateral." You also give us a security interest in any accessions to and proceeds of the Collateral. Accessions are goods installed in or attached to the Collateral. Proceeds are money or property due to you from the loss, destruction or sale of the Collateral. You also give us a security interest in all Proceeds or refunds related to any insurance or service contract we finance for you. The purpose of this security interest is to protect us if you don't repay your loan described above or if you break any promise made in this Agreement.

**THE SECTION BELOW DESCRIBES THE COLLATERAL COVERED BY THIS AGREEMENT:**

[X] Motor vehicle(s) described as follows:

| Year | Make | Model | Serial Number |
|---|---|---|---|
| 2000 | Ford | Explorer | 1FMZU72X4YZA24612 |

[ ] Other property:

---

### THIRD PARTY COLLATERAL AGREEMENT

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Owner hereby grants us a security interest in the Collateral to secure your performance under the Loan Agreement. Owner acknowledges that it has the same obligations and makes the same representations under the Loan Agreement as you with respect to the Collateral. For example, Owner has the duty to keep the Collateral insured, to provide us with evidence of insurance upon request, and to cause us to be named a loss payee on Owner's insurance policy. Also, Owner represents that Owner owns the Collateral or a part of it and that no one else, other than you, has any interest in or claim against the Collateral that has not been disclosed to us in writing. Owner assumes no personal responsibility for the payment of any amounts owed under the Loan Agreement. Owner agrees that we may, without releasing Owner from this Third Party Collateral Agreement and without notice or consent from Owner, extend additional credit to you or enter into an agreement with you to modify, extend, or waive the terms of the Loan Agreement.

| Owner Name and Address | | | Owner Name and Address | | |
|---|---|---|---|---|---|
| **N/A** | | | **N/A** | | |
| N/A | | SIGN HERE | N/A | | SIGN HERE |

**RETURNED CHECKS.** If a payment on this loan is made with a check that is returned unsatisfied because the drawer does not have an account with the drawee, does not have sufficient funds in his or her account or does not have sufficient credit with the drawee, you agree to pay us a $ 15 charge. We reserve the right to refuse to accept personal checks for payment on your account and to require payment by cashier's check, money order or other form of guaranteed funds.

**DEFAULT.** Subject to limitations under state or federal law, you are in Default on this Agreement ("Default") as that term is defined in Section 425.103 of the Wisconsin Consumer Act if: 1) an amount greater than one full payment has remained unpaid for more than ten days after the scheduled or deferred due date, or the first or last payment is not paid within 40 days of its scheduled or deferred due date; or 2) you breach a covenant that materially impairs the condition, value or protection of, or our right to the Collateral or materially impairs your ability to pay amounts due under the loan.

**REMEDIES FOR DEFAULT.** If you are in Default, you agree that subject to limitations under applicable law including the notice, right to cure and other provisions of Sections 425.104 and 425.105 of the Wisconsin Consumer Act we can: a) require you to pay the remaining balance of this Agreement in full immediately; b) use any remedies available to us by law or this Agreement; c) make a claim for any insurance benefits or premium refunds that may be available as a result of your Default; or d) after first obtaining any court approval required by law, take possession of the Collateral wherever it may be found. Subject to your right to redeem the Collateral under Section 425.208 of the Wisconsin Consumer Act, we may keep the Collateral in full satisfaction of what you owe or sell the Collateral in a commercially reasonable manner. The money that we get from the sale (after paying our costs, including reasonable costs of repair) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference, unless limited by law. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else, such as a junior lienholder.

**THE REMAINDER OF THE PAGE IS INTENTIONALLY LEFT BLANK.**

WI-3841-0405 (AUT)

Page 2 of 4

# CONFIRMATION OF SECURITY INTEREST (LIEN) PERFECTION

T084 10/2004 s 342 20(3) Wis Stats

**DEBTOR NAME AND ADDRESS** This lien has been recorded with the Wisconsin Department of Transportation

HEMPEL RANDELL J
2211 DWIGHT ST
RACINE WI 53403



County of Debtor Residence: RACINE

105149207

| Year | Make | Body Style | Vehicle Identification Number | Secured Party No | Date Printed |
|---|---|---|---|---|---|
| 2000 | FORD | UT | 1FMZU72X4YZA24612 | 42221 | 12/17/05 |

**SECURED PARTY (LIENHOLDER) NAME AND ADDRESS**

WELLS FARGO FINANCIAL ACCEPTANCE
PO Box 250
ESSINGTON PA 19029-0250

Lending Agency  Retain this document until the lien has been satisfied  See reverse side of this form for removing this lien
Valid lien release only if signed on reverse side

In the Matter of:    Chapter 7

Randell J. Hempel
        Debtor(s).    Case No. 07-28535-PP

## NOTICE OF MOTION

Wells Fargo Financial Wisconsin, Inc. has filed papers with the court for relief from the automatic stay.

**Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant relief from the automatic stay, or if you want the court to consider your views on the motion, then on or before 15 days after service of this notice, you or your attorney must:

File with the court a written request for hearing which shall contain a short and plain statement of the factual and legal basis for the objection. File your written request at:

        Clerk of Bankruptcy Court
        517 E. Wisconsin Avenue
        Room 126
        Milwaukee, WI 53202-4581

**Attorney Jeffery D. Nordholm**
**Storm, Balgeman, Miller & Klippel, S.C.**
**1011 N. Mayfair Road Suite 200**
**Wauwatosa, WI 53226**
**(414) 453-8500 FAX (414) 453-0604**

If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

>Attorney Jeffery D. Nordholm
>Storm, Balgeman, Miller & Klippel, S.C.
>1011 N. Mayfair Road
>Suite 200
>Wauwatosa, WI  53226

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated November 27, 2007 at Wauwatosa, Wisconsin.

>STORM, BALGEMAN, MILLER & KLIPPEL, S.C.
>Attorneys for Wells Fargo
>
>By: _____
>Jeffery D. Nordholm
>Bar No. 01004238

Address
1011 N. Mayfair Road
Suite 200
Wauwatosa, WI  53226
(414) 453-8500
FAX (414) 453-0604

UNITED STATES BANKRUPTCY COURT    EASTERN DISTRICT OF WISCONSIN

In the Matter of:                                    Chapter 7

Randell J. Hempel

    Debtor(s).                           Case No. 07-28535-PP

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF WISCONSIN   )
                                   ) ss
COUNTY OF MILWAUKEE )

Undersigned, being first duly sworn, says that on __Nov. 29, 2007__ (date) your affiant served a copy of the Notice of Motion and Motion for Relief From Automatic Stay on the attorneys and/or parties listed below by depositing same in the U.S. Mail with their last known address placed thereon, postage pre-paid and the affiant's return address properly placed thereon:

Randell J. Hempel
2211 Dwight Street
Racine, WI 53403

Atty. Richard A. Check
757 N. Broadway #201
Milwaukee, WI 53202

Douglas F. Mann
740 N. Plankinton Ave. #210
Milwaukee, WI 53203

Subscribed and sworn to before
me on __Nov. 29__, 20__07__.

_____
Notary Public
Milwaukee County, WI
My commission expires _____ /is permanent.

# STORM, BALGEMAN, MILLER & KLIPPEL, S.C.
## Attorneys At Law

1011 N. Mayfair Road • Suite 200
Wauwatosa, Wisconsin 53226

Telephone (414) 453-8500
Toll Free (877) 782-2645
Facsimile (414) 453-0604

Robert H. Storm
Thomas E. Balgeman
Thomas L. Miller
Terry J. Klippel
Jeffery D. Nordholm
Nancy L. Shue

United States Bankruptcy Court
RECEIVED MAIL
NOV 3 0 2007
C.L. AUSTIN, CLERK
Milwaukee, Wisconsin

November 27, 2007

Clerk of Bankruptcy Court
517 E. Wisconsin Avenue
Milwaukee, WI 53202

RE: Randell J. Hempel
Case No. 07-28535-PP
Chapter 7

Dear Clerk:

Enclosed for filing please find an original and one (1) copy of the following:

1. Notice of Motion;

2. Motion for Relief From Automatic Stay; and

3. Affidavit of Service by Mail.

Also enclosed is a check in the amount of $150.00 for the cost of filing the Motion.

Please return a file stamped copy of the above documents in the envelope provided.

Sincerely,

STORM, BALGEMAN, MILLER & KLIPPEL, S.C.

By: Jeffery D. Nordholm

JDN/tbm
Enclosures

cc   Parties on Affidavit of Service
     Wells Fargo